# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH THOMAS SIXEAS,

                  Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

              Agency.

DOCKET NUMBERS
DC-4324-15-0385-I-1
DC-4324-15-0385-C-1

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph Thomas Sixeas, Annandale, Virginia, pro se.

Richard Johns, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision in *Sixeas v. Department of Veterans Affairs*, MSPB Docket No. DC-4324-15-0385-I-1 (the merits appeal), which dismissed as settled his appeal alleging that the agency violated his rights under the Uniformed Services Employment and Reemployment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Rights Act of 1994 (codified at 38 U.S.C. §§ 4301–4333) (USERRA). The appellant also has filed a petition for review of the compliance initial decision in *Sixeas v. Department of Veterans Affairs*, MSPB Docket No. DC-4324-15-0385-C-1 (the compliance appeal), which denied his petition for enforcement of the settlement agreement resolving his merits appeal. We JOIN these appeals for adjudication pursuant to 5 C.F.R. § 1201.36(b).[2] For the reasons discussed below, we DENY the appellant's petition for review of the compliance initial decision, GRANT his petition for review of the initial decision in the merits appeal, and VACATE the initial decision in the merits appeal. We RESCIND the settlement agreement and REINSTATE the underlying USERRA appeal. We FORWARD the case to the regional office for adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant, a Congressional Relations Officer with the agency, filed a Board appeal alleging that the agency violated his rights under USERRA when, among other things, it failed to select him for a promotion, assigned him additional duties, and issued him a letter of counseling. *Sixeas v. Department of Homeland Security*, MSPB Docket No. DC-4324-15-0385-I-1, Initial Appeal File (IAF), Tab 1 at 1, 6‑7, Tab 6 at 47. While the appeal was pending, the parties entered into a settlement agreement resolving the appeal which, in pertinent part, required the agency to provide the appellant with a quality step increase (QSI) within 60 days of the effective date of the agreement. IAF, Tab 16 at 6. Pursuant to the terms of the settlement agreement, the administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 17, Initial Decision (ID), Tab 16 at 7.

---

[2] The joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and will not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these criteria are satisfied here.

¶3       After the initial decision in the merits appeal became final, the appellant filed a petition for enforcement of the settlement agreement, in which he asserted that the agency failed to provide him with the QSI. *Sixeas v. Department of Homeland Security*, MSPB Docket No. DC-4324-15-0385-C‑1, Compliance File (CF), Tab 1 at 7; *see* ID at 3; 5 C.F.R. § 1201.113. In response, the agency admitted that it had not provided the QSI, but contended that it was prohibited from doing so by regulation. CF, Tab 3 at 6, Tab 7 at 1‑2. Pursuant to 5 C.F.R. § 531.504, a QSI "may be granted only to" an employee who receives a performance rating of record at the highest summary level used by the agency's appraisal program. The agency asserted that the appellant had not received such a rating, and he did not dispute that assertion. IAF, Tab 3 at 6, Tabs 6, 13. The agency submitted evidence that, instead of a QSI, it had provided the appellant with a step increase through a within‑grade increase (WIGI). IAF, Tab 3 at 6, 8, Tab 7 at 1. However, the agency conceded that, unlike the QSI required by the settlement agreement, the WIGI that it provided instead would delay the appellant's eligibility for his next WIGI. IAF, Tab 7 at 1‑2; *see* 5 U.S.C. §§ 5335(a)(1), 5336(b); 5 C.F.R. §§ 531.404(b), 531.405(a)(1)(i), (b)(2).

¶4       The administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 14, Compliance Initial Decision (CID). She found that the Board could not enforce the provision of the settlement agreement requiring the agency to provide the appellant with a QSI because 5 C.F.R. § 531.504 precluded the agency from doing so. CID at 3. She found that the QSI provision of the settlement was material and that there was a mutual mistake by the parties when they entered into the agreement regarding whether the agency could provide the appellant with a QSI. CID at 3‑4. However, she found that, if the appellant wanted to rescind the settlement agreement and reinstate the merits appeal, he needed to file a petition for review of the initial decision dismissing the appeal as settled. CID at 4.

¶5    The appellant has filed a petition for review of the initial decision in the merits appeal, in which he requests that the settlement agreement be rescinded and his appeal be reinstated. *Sixeas v. Department of Homeland Security*, MSPB Docket No. DC-4324-15-0385-I-1, Petition for Review (PFR) File, Tab 1 at 4. He also has filed a petition for review of the compliance initial decision, in which he argues that the administrative judge should have invalidated the settlement agreement and reinstated his appeal during compliance proceedings, rather than requiring him to file a petition for review of the initial decision in the merits appeal. *Sixeas v. Department of Homeland Security*, MSPB Docket No. DC-4324-15-0385-C-1, Compliance Petition for Review (CPFR) File, Tab 1 at 3. The agency has not responded to the appellant's petitions for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant established good cause for the untimely filing of his petition for review in the merits appeal.

¶6    The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of an initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date that he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision in the merits appeal was issued on October 23, 2015, and the appellant does not allege that he received the initial decision more than 5 days after its issuance date. ID at 1; PFR File, Tabs 1, 4. Accordingly, the appellant's June 8, 2016 petition for review, which was due no later than November 27, 2015, was untimely by more than 6 months. ID at 3.

¶7    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board

will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8 In his motion to waive the time limit for filing his petition for review in the merits appeal, the appellant contends that he was unaware that the settlement agreement was invalid based on mutual mistake until he received the compliance initial decision. PFR File, Tab 4 at 4. We discern no reason that the appellant should have recognized that the settlement was invalid prior to that juncture, when he was proceeding pro se and the agency's arguments during compliance proceedings focused on whether it had substantially complied with the agreement, rather than whether the agreement was valid. *See* CF, Tab 3 at 6.

¶9 We further find that the appellant acted with due diligence once he became aware that there was potentially a basis for setting aside the settlement agreement. Five days after the administrative judge issued the compliance initial decision, the appellant filed his petition for review seeking to set aside the initial decision in the merits appeal. CID at 1; PFR File, Tab 1 at 4. Thus, the appellant has established good cause for waiving the time limit for filing his petition for review. *See Armstrong v. Department of the Treasury*, 115 M.S.P.R. 1, ¶¶ 4‑5 (2010) (finding that an appellant established good cause for waiving the time limit for filing a petition for review challenging the validity of a settlement agreement when he filed the petition for review within 3 weeks of obtaining evidence that the agreement was allegedly invalid), *aff'd*, 438 F. App'x 903 (Fed. Cir. 2011).

<u>We grant the appellant's petition for review of the initial decision in the merits appeal.</u>

¶10      A settlement agreement must be set aside if it is tainted with invalidity by a mutual mistake under which both parties acted. *Potter v. Department of Veterans Affairs*, [111 M.S.P.R. 374](), ¶ 9 (2009); *Farrell v. Department of the Interior*, [86 M.S.P.R. 384](), ¶ 8 (2000). Here, the administrative judge found, and we agree, that the parties settled the merits appeal under the erroneous impression that the agency could provide the appellant with a QSI. CID at 3‑4; *see* IAF, Tab 16 at 6. However, the agency could not provide the appellant with a QSI without violating [5 C.F.R. § 531.504]() because the appellant did not receive a performance rating of record at the highest summary level used by the agency's appraisal program, and the settlement did not provide for any change to the appellant's performance rating. CID at 3; IAF, Tab 3 at 6, Tab 16 at 6‑9. Therefore, we agree with the administrative judge that both parties acted under a mutual mistake regarding the lawfulness of the agency's agreement to provide the appellant with a QSI. CID at 3‑4; *see Farrell*, [86 M.S.P.R. 384](), ¶ 8 (finding that an agency may not lawfully undertake in a settlement agreement to provide an appellant with benefits that the agency lacks authority to provide); *Stipp v. Department of the Army*, [61 M.S.P.R. 415](), 419 (1994) (same).

¶11      We further agree with the administrative judge that the provision of the settlement agreement requiring the agency to provide the appellant with the QSI was material. CID at 3. The settlement expressly required the agency to provide the appellant with a QSI, and it was a significant benefit that the appellant expected to receive in exchange for withdrawing the merits appeal. IAF, Tab 16 at 6; *see Garcia v. Department of the Air Force*, [83 M.S.P.R. 277](), ¶ 10 (1999) (finding that a settlement term is material where it is central to the agreement and numerous other provisions of the agreement are dependent upon it); *As'Salaam v. U.S. Postal Service*, [65 M.S.P.R. 417](), 421 (1994) (finding that a mistake of fact is "material" when it involves a "basic assumption" underlying an agreement).

¶12      For these reasons, we find that the parties' settlement agreement must be set aside. *See Potter*, [111 M.S.P.R. 374](#), ¶ 9 (setting aside a settlement agreement due to mutual mistake regarding the lawfulness of a material provision); *Stipp*, 61 M.S.P.R. at 419–20 (same). Accordingly, we grant the appellant's petition for review of the initial decision in the merits appeal, vacate the initial decision dismissing this appeal as settled, and forward the case to the regional office for reinstatement of the merits appeal.[3]

We deny the appellant's petition for review of the compliance initial decision.

¶13      In his petition for review of the compliance initial decision, the appellant does not contest the administrative judge's finding that she lacked authority to enforce the settlement agreement because the QSI provision of the agreement was not authorized by law, and we discern no basis to disturb that finding. CPFR File, Tab 1; CID at 3; *see Day v. Department of the Air Force*, [78 M.S.P.R. 364](#), 367 (1998) (determining that the Board could not enforce a provision of a settlement agreement requiring an agency to provide an appellant with a combination of benefits that was not authorized by law); *Stipp*, 61 M.S.P.R. at 420 (finding that the Board lacked authority to enforce a provision of a settlement agreement that was not authorized by law).

¶14      Instead, the appellant argues that the administrative judge erred in requiring him to file a petition for review of the initial decision in the merits appeal to set aside the settlement agreement and reinstate the merits appeal. CPFR File, Tab 1 at 3. He contends that this process was "roundabout and time‑consuming" and that the administrative judge should have invalidated the settlement agreement and reinstated his appeal during compliance proceedings. *Id*. We disagree.

¶15      Generally, an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled. *Weldon v. Department of Veterans Affairs*, [119 M.S.P.R. 478](#), ¶ 5 (2013);

---

[3] The parties are not precluded from further attempting to settle the reinstated appeal.

*Hazelton v. Department of Veterans Affairs*, [112 M.S.P.R. 357](#), ¶ 8 (2009). However, when a petition for enforcement "unmistakably" challenges the validity of a settlement agreement, the Board will treat it as a petition for review of the initial decision dismissing the appeal as settled. *Miller v. Department of the Army*, [112 M.S.P.R. 689](#), ¶ 12 (2009). Here, the appellant's petition for enforcement did not unmistakably challenge the validity of the settlement agreement, but instead, requested that the Board enforce the settlement agreement. CF, Tab 1 at 7‑8. Consequently, we discern no error in the administrative judge requiring the appellant to file a petition for review of the initial decision in the merits appeal if he wanted to rescind the settlement agreement and reinstate his appeal. CID at 4.

¶16 In any event, because we have granted the appellant's petition for review of the initial decision in the merits appeal, vacated the initial decision dismissing the appeal as settled, and reinstated the appeal, the appellant has effectively obtained the same relief that he seeks in his petition for review of the compliance initial decision.[4] *See Phillips v. Department of Homeland Security*, [118 M.S.P.R. 515](#), ¶¶ 25-26 (2012) (vacating an initial decision dismissing an appeal as settled, reinstating the appeal, and forwarding the appeal to the regional office for adjudication). Accordingly, we deny the appellant's petition for review of the compliance initial decision.

## ORDER

¶17 For the reasons discussed above, we deny the appellant's petition for review of the compliance initial decision, grant his petition for review of the initial

---

[4] In his petition for review of the compliance initial decision, the appellant also requests that the Board set his USERRA case for a merits hearing. CPFR File, Tab 1 at 3. Prior to dismissing the merits appeal as settled, the administrative judge scheduled a hearing in that appeal. IAF, Tab 13 at 4. If the administrative judge determines that a hearing is still appropriate in the reinstated merits appeal, she shall provide the appellant with a hearing.

decision in the merits appeal, and vacate the initial decision in the merits appeal. We rescind the agreement settling the merits appeal and reinstate the merits appeal. We forward the case to the regional office for adjudication. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c) (5 C.F.R. § 1201.183(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of the final decision denying the petition for review in your compliance appeal by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of

particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                               Jennifer Everling
                                               Acting Clerk of the Board

Washington, D.C.